We find no other prejudicial error upon the record.

For these reasons, the judgment of the Court of Common Pleas is reversed, and the cause remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

Ross, P. J., and HAMILTON, J., concur.

KUHN ET AL., APPELLANTS, *v.* WOLF, APPELLEE.

(Decided March 28, 1938.)

*Messrs. Flory & Taylor,* for appellants.
*Mr. Hal C. DeRan,* for appellee.

CARPENTER, J. On August 26, 1936, plaintiffs herein recovered a judgment for $5,070 against the defendant herein, D. A. Wolf, in the Common Pleas Court of Lucas county. After a foreign execution to this, Sandusky, county was returned unsatisfied, this proceeding in aid of execution was started to enforce that judgment. D. A. Wolf, as judgment debtor, and his wife, Ida B. Wolf, individually and doing business as Wolf Hatching & Breeding Company, as garnishee, were made parties hereto, and service of the order on both parties was completed October 27, 1936.

Hearings were had and some evidence was received December 7, 1936. On January 23, 1937, a new motion was filed by the plaintiff making Gerald F. Wolf, individually and as trustee, and Gilbert C. Wolf, sons of D. A. and Ida B. Wolf, also garnishees, and they were served with the order January 28, 1937. On December 16, 1937, the trial court entered separate conclusions of fact and law and the judgment was in favor of the defendant and all of the garnishees. From that judgment plaintiffs appeal on questions of law. Appellants do not seriously question the conclusions of fact found by the trial court and an examination of the bill of ex-

ceptions, which contains all of the evidence and was filed with this appeal, indicates that such conclusions are substantially correct.

Prior to 1923, D. A. Wolf operated an extensive hatchery business at Gibsonburg, Ohio. That year a fire destroyed his hatchery, and a patent infringement judgment was obtained against him in Federal Court. Thereupon Ida B. Wolf commenced a new hatchery business under the name of Wolf Hatching & Breeding Company, and it is still operated by her.

Since 1923, D. A. Wolf has worked for his wife as "manager" for a salary of $1,000 per year. The amounts received by him as salary since 1930 appear in evidence and average more than $1,000 per year.

On August 22, 1936, Ida B. and D. A. Wolf, by a "trust deed" conveyed to "Gerald F. Wolf, as trustee," certain real estate in Gibsonburg, Ohio. While the details of that trust are not stated in the conclusions of fact made by the trial court, a copy of the deed appears as an exhibit in the evidence. The settlors and their five children, or their heirs, are made the beneficiaries of the trust, and during its continuance D. A. Wolf is to receive $1,000 per year as long as he can "attend to the duties he has heretofore performed" and thereafter $500 per year as long as he lives. If the hatchery business is unprofitable for three years, the trustee may sell the property and distribute the proceeds as therein provided, in which event D. A. Wolf will not participate in the distribution.

On July 21, 1921, D. A. Wolf procured a twenty-annual premium life insurance policy on his life for $10,000. Ida B. Wolf was named beneficiary and his children contingent beneficiaries, and he reserved the right to change the beneficiary at any time. The annual premium is $453.50, and in recent years has been paid by Ida B. Wolf from the hatchery company funds,

but no assignment of the policy was ever made to her. From time to time since 1923, he borrowed money on the policy. An additional loan of $1,500 on January 24, 1934, brought the total principal of these loans then outstanding to $3,800. In a financial statement of the business submitted to Dun & Bradstreet, August 31, 1935, executed by Gerald F. Wolf, and audited by the auditor employed by the business, there was listed as a liability, under the title "Loans from Manager," $3,892. This was treated as a personal loan from D. A. to Ida B. Wolf and was used by her in the business. On August 6, 1936, all of these loans were paid in full from funds of the business. The loan value of this policy was $5,329.30 on December 15, 1936. On that date, which was while these proceedings were pending and after partial hearing of them, D. A. and Ida B. Wolf applied to the insurance company for a loan of $5,000 on that policy, and, December 17, 1936, a check for that amount was executed to D. A. Wolf, who endorsed it in blank to the Wolf Hatching & Breeding Farms (another trade name sometimes used by Ida B. Wolf instead of Wolf Hatching & Breeding Company) and was deposited by it, and is now either held by the business or has been disbursed by it for its benefit.

Appellants claim they should have had an order in the trial court against three items of alleged assets of D. A. Wolf as shown by these facts: (1) His salary account; (2) for the sale of his expectancy, at least $500 per year, under the trust deed; and (3) the credit due him from Ida B. Wolf and her business by reason of the insurance loan of $5,000.

The conclusions of the trial court as to the salary and trust items will be sustained. The salary account is overdrawn, and the interest of D. A. Wolf in the trust is too uncertain as to duration to be subject of

an order in aid, except as to definite sums as they accrue to him.

As to the money arising from the insurance loan, it is claimed by appellee that it is exempt from appellants' judgment under Section 9394, General Code. The trial court sustained this contention. In this respect it erred. D. A. Wolf borrowed that $5,000 from the insurance company. It was then money in his hands. He still had $10,000 of insurance and his wife was still the beneficiary under the policy. At most, he only changed the beneficiary from his wife to himself as to the $5,000 he borrowed. That money being his, he should have used it to pay his debts, instead of giving it to his wife or to her business. Section 9394, General Code, had no application to the situation D. A. Wolf created after he got possession of that money. If, before his death, he pays off the loan to the insurance company, and does not change the beneficiary in his policy, on his death Ida B. Wolf will realize the whole principal sum of the insurance, $10,000.

The code section originally was, and as amended is, restricted in application to policies or contracts "which may hereafter mature," which event has not occurred to the policy involved in the present case.

Ida B. Wolf having been made a party to this proceeding before she received that $5,000 from D. A. Wolf, she had no right to take it, and having taken it under these circumstances, she held it subject to the order of the court, and the judgment of the trial court should have been that she pay the $5,000 to the appellants to apply upon their judgment.

The judgment will be reversed in part and judgment entered for appellants as herein indicated.

*Judgment accordingly.*

LLOYD and CROW, JJ., concur.

Judge Crow of the Third Appellate District sitting in place of Judge Overmyer of the Sixth Appellate District.